7IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL CAMPISI, | : | CIVIL ACTION NO. **1:CV-11-1681** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT, SCI-Dallas, et al., | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

**I. Background.**

On September 7, 2011, the Petitioner, Emanuel Campisi ("Petitioner"), an inmate at the State Correctional Institution at Dallas, Dallas ("SCI-Dallas"), Pennsylvania, filed, through counsel, a Petition for Writ of Habeas Corpus and a Memorandum of Law in support pursuant to 28 U.S.C. § 2254. (Doc. 1). In his habeas petition, Petitioner challenged his November 18, 1987 conviction of first degree murder and his March 1990 life sentence in the Court of Common Pleas of Monroe County ("CCP") claiming ineffective assistance of counsel at all critical stages. (Doc. 1). Petitioner also contended that the AEDPA statute of limitations does not apply because the conviction occurred in 1987, and alternatively, even if the AEDPA statute does apply, the statute of limitations should be equitably tolled due to Petitioner's mental incompetence ascertained from newly discovered evidence. (Doc. 1, Doc. 13).

On September 19, 2011, the Court issued a Show Cause Order directing the Clerk to serve a copy of the original Petition (Doc. 1), together with the Order, on the Attorney General of the Commonwealth of Pennsylvania ("Attorney General"), the District Attorney of

Monroe County, E. David Christine ("DA"), and the Superintendent of the State Correctional Institute at Dallas, Dallas, PA ("SCI-Dallas") (collectively, "Respondents") .(Doc. 3).  We ordered the DA to file a response to Petitioner's habeas petition within fifteen (15) days of the date of the Order to address the exhaustion and statute of limitations issues, including the issue of whether the AEDPA statute of limitations should be equitably tolled.  (*Id.*). The DA was further ordered to submit with his response copies of all Petitioner's relevant state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral appeals, along with the filing dates thereof.  (*Id.*).  We indicated that we would first determine if the Petitioner's Habeas Petition was timely filed under the AEDPA and if the AEDPA statute of limitations should be equitably tolled[1], and if necessary, if his instant claims were exhausted in the state courts.[2]  (*Id.*). Petitioner was also permitted to file a reply to the Respondent DA's response.

---

[1] The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard.  *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005).  We thus gave Petitioner Campisi notice and an opportunity to be heard regarding whether his habeas petition was timely under the AEDPA and whether the AEDPA statute of limitations should be equitably tolled.

[2] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

On October 5, 2011, the Respondent filed a Response and a Support Brief, arguing that Petitioner failed to file the Petition for Writ of Habeas Corpus within the one year time limitation and that the history of this case does not support equitable tolling. (Doc. 8). The DA did not file with his response all relevant state court opinions, state court decisions, opinions and orders regarding his direct and collateral appeals as was directed by the Court in the Order of September 19, 2011. (Doc. 3). After the Court granted an extension of time, Petitioner filed a Traverse to his Habeas Petition on November 3, 2011. (Doc. 11). Petitioner also did not submit any of his relevant state court records with his Traverse. (Doc. 12).

Based on the above incomplete record, the Court was not able to determine whether Petitioner's one-year statute of limitations to file his habeas petition, which undisputedly expired, should be equitably tolled. Therefore, On February 2, 2012, the Court issued an Order directing both the Petitioner and Respondent to file supplemental briefs and all relevant documents, evidence and state court records to address the issue of whether Petitioner's one-year statute of limitations to file his habeas petition should be equitably tolled. (Doc. 12). These supplemental briefs and documents were to be filed within twenty (20) days of the issued Order. (*Id*.).

On February 22, 2012, the Petitioner filed a Supplemental Brief requesting that the Court grant equitable tolling of the AEDPA's statute of limitations based on the extraordinary circumstances of newly discovered evidence regarding the Petitioner's alleged mental incompetence, and in the alternative, that the Court enter an order for an evidentiary hearing to

determine Petitioner's mental competency or lack thereof at the time of Petitioner's 1987 trial. (Doc. 13).

On February 23, 2012, the Respondent filed his Supplemental Brief requesting that the Court deny and dismiss Petitioner's Petition for Writ of Habeas Corpus as untimely because the Habeas Petition was undisputedly filed past the statute of limitations, and because the Petitioner did not prove the equitable tolling doctrine requirements of due diligence and extraordinary circumstances. (Doc. 14).  Furthermore, Respondent argues that even if the equitable tolling doctrine requirements were met, the habeas petition still was not filed within a reasonable time period after the Superior Court affirmed the CCP's denial of Petitioner's second PCRA. (*Id.*). Both parties filed exhibits in support of their arguments. (Doc. 13, Doc. 14).

## II. State Procedural Background.

On March 22, 1990, Petitioner was sentenced to life in prison by the Monroe County CCP (CP-45-CR-0000066-1987), for first degree criminal homicide.  (Doc. 1, Doc. 7).[3] As discussed below, the applicable period in the instant matter with respect to Petitioner's AEDPA Statute of Limitations is April 24, 1996, the effective date of the AEDPA, since Petitioner 's state court conviction became final on April 11, 1991, when the thirty day deadline for seeking review in the PA Supreme Court expired.  *See* Pa.R.App.P. 113(a).  *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702.

---

[3]We obtained a copy of Petitioner's CCP Criminal Docket Sheet at http://ujsportal.pacourts.us.  We take judicial notice of Petitioner's CCP Docket Sheet.   We used Petitioner's CCP Docket Sheet to verify dates.  Petitioner and Respondents both state that the date of sentencing was January 18, 1990, however, the CCP docket sheet indicates that Petitioner's sentencing was March 22, 1990.

On November 12, 1993, Petitioner filed his first *pro se* Post Conviction Relief Act ("PCRA") Petition.  However, relief was not granted until April 11, 2000, when the CCP ruled that the Petitioner was permitted to file a Notice of Appeal *Nunc Pro Tunc* from his March 22, 1990 judgment of sentence.

On May 10, 2000, a direct appeal was filed by Petitioner with the Superior Court of Pennsylvania and the Superior Court affirmed the Petitioner's judgment of sentence on April 25, 2001.  (*See* CCP Criminal Docket Sheet CP-45-CR-0000066-1987).[4]  Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on direct appeal.  Nor did Petitioner file a petition for *writ of certiorari* with the United States Supreme Court.[5]

On August 21, 2009, Petitioner filed a second PCRA Petition with the CCP.  (*Id*.).  On May 12, 2010, the CCP denied Petitioner's second PCRA Petition as untimely.  (*Id*.).  On June 9, 2010, Petitioner timely filed a Notice of Appeal with the Pennsylvania Superior Court.  (*See* CCP Criminal Docket Sheet CP-45-CR-0000066-1987).  On February 4, 2011, the Pennsylvania Superior Court affirmed the CCP's order denying Petitioner's second PCRA Petition.  (*Id*.).

Subsequently, on September 7, 2011, Petitioner filed the instant habeas petition. (Doc. 1) .

---

[4]*See also* Doc. 1.

[5]As discussed below, we find that Petitioner's judgment of conviction became final before the April 24, 1996 date of the AEDPA, therefore, Petitioner Campisi had until April 23, 1997, in addition to any time during which the statute of limitations was tolled, to file his §2254 habeas petition in a timely manner.  *See Fletcher v. Lawlor*, 2011 WL 1288689, *2.

**III. Claims of Habeas Petition.**

In his September 7, 2011 Habeas Petition (Doc. 1), Petitioner raises ineffective assistance of trial counsel as grounds for relief, because trial counsel:

> [F]ailed to conduct a reasonable pretrial investigation which would have disclosed medical records and court records establishing that the petitioner was insane at the time of the crime and incompetent to stand trial. If the trial counsel had conducted a reasonable, independent pretrial investigation, he would have learned that a Florida Court had ruled petitioner incompetent to stand trial in an unrelated case. If trial counsel had obtained petitioner's medical records, there was a reasonable likelihood the petitioner would have been found incompetent to stand trial or not guilty by reason of insanity.

(Doc. 1, p. 6).

**IV. Standard of Review.**

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.' *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court

rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either

because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889.  Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

As our September 19, 2011 Order indicates, the Court will determine if the Petitioner's habeas petition is timely, if equitable tolling applies and, if necessary, whether exhaustion of state court remedies as to all habeas claims has been accomplished.  (Doc. 3).  As we indicated, if the Court finds the habeas petition to be timely or finds that equitable tolling applies, and if the Court finds Petitioner's claims to be exhausted at the state level, both the Respondent and Petitioner will be given time to file a Response and Traverse with respect to the merits of the habeas claims. (Doc. 3).

**V. Discussion.**

*A. Timeliness*

The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion
>     of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> *Rhodes v. Winstead*, Slip Copy, 2010 WL 936763, at *16 (W.D.Pa., 2010) states:
>
> Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgement became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2254 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2254(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is April 24, 1996, the effective date of the AEDPA, since Petitioner's state court conviction became final on April 11, 1991, when the thirty day deadline for seeking review in the PA Supreme Court expired. *See* Pa.R.App.P. 113(a). *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702. "Because the conviction became final before the April 24, 1996 effective date of the AEDPA, Petitioner was granted a one-year grace period, until April 23, 1997, to seek habeas review." *Id*. (*citing Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998)).

Thus, Petitioner had until April 23, 1997, in addition to any time during which the statute of limitations ("SOL") was tolled, to file his §2254 habeas petition in a timely manner. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2. Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2254(d)(2); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

It appears from the CCP docket that Petitioner filed a *pro se* PCRA Petition on November 12, 1993, and that PCRA relief was granted by the Court on April 11, 2000, allowing the Petitioner to file a Notice of Appeal *Nunc Pro Tunc* from his March 22, 1990 judgment of sentence, but denying all other relief requested. (*See* CCP Criminal Docket Sheet CP-45-CR-0000066-1987). Petitioner filed a second PCRA Petition on August 21, 2009, which was denied by the state court as untimely, on February 4, 2011. (*Id.*). Therefore, we find that the entire period from April 24, 1996 through April 11, 2000 was excluded from the AEDPA SOL. Thus, we find that Petitioner's SOL started to run on April 12, 2000. (*Id.*).[6] However, Petitioner did not file his second PCRA Petition until August 21, 2009, which was denied by the County Court as untimely. (*Id.*). Even if the Court concludes that the SOL ran from April 12, 2000 through April 12, 2001, Petitioner's filing of his second PCRA Petition falls over nine (9) years beyond that date.

Moreover, it does not appear as though Petitioner's August 21, 2009 second PCRA Petition would toll the statute of limitations with respect to his instant §2254 habeas petition since untimely PCRA Petitions are not "properly filed" for purposes of the AEDPA statute of limitations.

---

[6]Section 2254(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2254(d).

*Fletcher v. Lawlor*, 2011 WL 1288689, *3.  Also, Petitioner 's  August 21, 2009 second PCRA Petition was filed after the expiration of the AEDPA statute of limitations, and thus, it did not toll an already expired statute of limitations. *Id*.

Accordingly, we find that Petitioner's one-year AEDPA statute of limitations has expired and shall recommend that this Habeas Petition be dismissed as untimely, unless the statute of limitations is found to have been equitably tolled.

*B.  Equitable Tolling*

Even though Petitioner did not file his habeas corpus petition within the appropriate one-year statute of limitations as imposed by 28 U.S.C. § 2254(d), the Court must still examine whether the doctrine of equitable tolling applies to the facts at hand.

In *Starkey v. Cameron*, 2010 WL 5575288, *3 (E.D. Pa. 12-23-10), the Court stated:

> The Supreme Court has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. *See Holland v. Florida,* --- U.S. ----, ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Miller,* 145 F.3d at 618. In particular, a petitioner " 'is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphasis added); *see also Lawrence v. Florida,* 127 S.Ct. 327, 1085 (2007) (quoting *Pace,* 125 S.Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way") (emphasis added); *Merritt,* 326 F.3d at 168 (citing *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944, 122 S.Ct.  The law is clear that courts must be sparing in their use of equitable tolling." *See Jones,* 195 F.3d at 159 (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999)) (emphasis added). *See Albritton v. Sauers*, 2011 WL 4402138 (M.D. Pa. 9-2-11) adopted by 2011 WL 4434261 (M.D. Pa. 9-22-11).  *See also Smith v. Harlow*, 2011 WL 7040782 (M.D. Pa. 12-20-2011) adopted by 2012 WL 123145 (M.D. Pa. 1-17-12).

11

The Third Circuit, In *Pabon v. Mahanoy*, 654 F.3d 385 (3rd Cir. 2011), reiterated the Supreme Court's equitable tolling requirements outlined in *Holland*, and emphasized that :

> There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. *Holland v.* Florida, ___U.S.___, ___, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010)FN20. As *Holland* explains, while prior decisions provide guidance, rigid reliance on precedent should be avoided. *Id.* In each case, there is a need for "flexibility," "avoiding 'mechanical rules,' " and "awareness ... that specific circumstances, often hard to predict in advance, could
> warrant special treatment in an appropriate case." *Id.* (internal citation omitted). FN21
> In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted) (*See also Sistrunk v. Rozum*, — F. 3d —, 2012 WL 917580 (3d Cir. 3-20-2012).[7]

The *Pabon* Court also noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary are unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Id*. Furthermore, the Court in *Musgrove v. Filion*,, stated, "[t]he doctrine of equitable tolling is proper only in the rare and exceptional circumstances." 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002). Mere excusable neglect is not sufficient for a Petitioner to be entitled to equitable tolling, where he must show he exercised reasonable

---

[7]In *Sistrunk*, the Third Circuit reiterated that a Petitioner must show that he (1) pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.

diligence in investigating and bringing his claims. *See Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-619 (3d Cir.1998); *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.2003)).

Furthermore, "[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. (*Id.*).

The United States Court of Appeals for the Third Circuit has suggested that one month is a sufficient period of time for a petitioner to file a pro se habeas petition. *Mitchell v. Beard*, Slip Copy, 2010 WL 1135998 (E.D.Pa., 2010) (*citing Brown*, 322 F.3d at 774). The Third Circuit has held that eleven months is an unreasonable time to wait to file a habeas corpus petition, *Walker*, 56 Fed.Appx. at 582 n. 5 (*Id.*).

First, in accordance with the precedent discussed above, this Court must determine whether the Petitioner has satisfied the requirements of the equitable tolling doctrine. Second, if the doctrine of equitable tolling requirements have been proven by the Petitioner, this Court must still determine whether the habeas petition, which was filed on September 7, 2011, was filed in a

reasonable time period after the Pennsylvania Superior Court affirmed the denial of Petitioner's second PCRA claims on February 4, 2011.

Regarding the due diligence prong of the equitable tolling doctrine, the Petitioner failed to timely file his present Habeas Petition since more than eight (8) years ran on his AEDPA SOL before he filed it.  Petitioner failed to provide direct evidence that he exercised due diligence.  However, Petitioner cited *Ragan v. Horn*, a Third Circuit opinion, which concluded that the District Court is required to consider "the reality of the prison system" when conducting an evaluation of due diligence. 411 Fed.Appx. 491 (3d Cir. 2011).

Regarding the extraordinary circumstances as a cause for delay prong of the equitable tolling doctrine, the Petitioner argues that his "extreme mental illness" constitutes extraordinary circumstances that invoke the equitable tolling doctrine.  The Petitioner points to *Nara v. Frank*, in which the Third Circuit stated that mental incompetence could be a basis for equitable tolling provided it somehow affected the petitioner's ability to timely file a habeas corpus petition.  264 F3d 310, 320 (3d Cir. 2001).

Petitioner argues that the newly discovered Veteran's Administration 1970 psychiatric report deeming him chronically schizophrenic and mentally incompetent, coupled with prison psychiatric reports highlighting his schizophrenic condition featuring disorganized thinking and paranoia, constitute extraordinary circumstances that prevented him from timely filing his Habeas Corpus Petition. (Doc. 13). Petitioner believes that his counsel from his 1987 trial failed to conduct a reasonable investigation into the Veteran's Administration psychiatric reports. (*Id.*). Petitioner believes that a reasonable investigation would have uncovered the 1970 Veteran's

Administration psychiatric report that declared Petitioner mentally incompetent and reiterated his previous diagnosis of chronic undifferentiated paranoid schizophrenia. The Petitioner claims that had he known of this report's existence and conclusion as to his mental incompetency and diagnosis before its discovery in 2009 by Petitioner's present counsel, he would have been able to timely file a habeas corpus petition. (Doc. 11, Doc. 13).

Respondent contends that Petitioner failed to prove that he acted with reasonable diligence in filing the habeas petition and failed to provide an extraordinary circumstance that would support equitable tolling. (Doc. 8, Doc. 14). Respondent argues that the mental illness issues described by Petitioner's attorney as an extraordinary circumstance were discussed during Petitioner's trial thoroughly from as early in his life as 1960 and dismissed by the state trial court as not having a connection to the crime. (Doc. 8, Doc. 14). Therefore, because Petitioner has not proven the equitable tolling doctrine requirements, Respondent argues that the habeas petition should be dismissed.

In analyzing the Petitioner's and Respondent's arguments in light of the precedent discussed above, we find that the Petitioner has failed to prove that he is entitled to equitable tolling of the AEDPA statute of limitations because he did not offer proof of due diligence in raising his present habeas. Therefore, even if the Petitioner proves that his mental illness and prior attorney's failure to conduct a reasonable investigation regarding this mental illness amounts to extraordinary circumstances, the Petitioner still did not offer evidence to prove the due diligence prong. As stated, Petitioner must prove both equitable tolling elements. *See Sistrunk*, *supra*. Furthermore, because extreme deference must be given to state court decisions as

discussed above, it would be difficult for the Court to circumvent the many state court decisions and affirmations that declared the Petitioner mentally competent to stand trial. Therefore, we find that the Petitioner has not met his burden of proof required to permit the equitable tolling doctrine to apply in this case.

However, even if this Court finds that the Petitioner has successfully proven the equitable tolling requirements, we must then examine whether the seven-month gap between the February 4, 2011 PA Superior Court's decision affirming the CCP's denial of the Petitioner's second PCRA Petition and the September 7, 2011 filing of Petitioner's Habeas Corpus Petition constitutes a reasonable time period for the Petitioner to timely file his habeas petition. As discussed, Petitioner inexplicably waited from February 4, 2011, the date that the PA Superior Court Order affirmed the denial of his second PCRA Petition, until September 7, 2011, when he filed this Habeas Petition. Petitioner offered no explanation as to why he waited over seven (7) months from the PA Superior Court's decision affirming the denial of his second PCRA Petition to file his habeas petition. This inordinate delay of over seven (7) months, coupled with his prior delay of years, as discussed, rendered Petitioner's present habeas petition filing well beyond the one-year AEDPA statute of limitations. Petitioner knew of his PCRA claims at the time he received the February 4, 2011 decision from the Superior Court, and even if he could have still timely filed his habeas petition at that time, Petitioner waited until September 7, 2011, to file his habeas petition. Petitioner offers no reasonable explanation for this delay. We do not find that Petitioner has in some way been extraordinarily prevented from asserting his claims or that he used reasonable diligence in bringing his claims. Nor do we find that Petitioner used due

diligence during the time in which his AEDPA SOL ran.  Thus, we find that Petitioner is not entitled to equitable tolling in this case.  *See Sistrunk, supra*.

Petitioner was well-aware of his PCRA claims challenging his conviction when he filed his appeal with the Superior Court regarding the denial of his second PCRA Petition by the CCP on June 4, 2010.  (*See* CCP Criminal Docket Sheet CP-45-CR-0000066-1987).

Further, as stated, there is simply no claim by Petitioner that he was actively misled or that he timely asserted his rights in the wrong forum.  In *Hubley v. Superintendent*, *SCI Camp Hill*, 57 Fed. Appx. 927, 2003 WL 77260 at * 6 (3d Cir.), the Court stated that:

> "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair."  *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted).  "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" *Id.* (Quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)).
> The "petitioner must 'show that he or she exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient." *Robinson v. Johnson*, 313 F.3d 128,142 (3d Cir. 2002) (quoting *Miller v. New Jersey State of Department of Corrections*, 145 F.3d 616, 618-19 (internal quotations omitted)).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003).  "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v.*

17

*Heine*, 984 F.2d 489, 492 (D.C.Cir.1993)).  Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible.  (*Id.*).

Based on the above reasons, we find that Petitioner Campisi has failed to meet the equitable tolling doctrine's burden of proof that he acted with due diligence, and has also failed to provide evidence that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair."  *Miller,* 145 F. 3d at 618.  We find that equitable tolling of the AEDPA statute of limitations is not warranted in this case.

Thus, we find that Petitioner Campisi did not file his habeas petition within the AEDPA's one-year statute of limitations.  We also find that Petitioner did not show he acted with due diligence required by the equitable tolling doctrine in filing his habeas petition .  Therefore, we respectfully recommend that Petitioner's Habeas Corpus Petition be dismissed as untimely pursuant to 28 U.S.C. §2244(d)(1)(A).

**VI.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Campisi's Petition for Writ of Habeas Corpus **(Doc. 1)** be dismissed as untimely.

                                                 **s/ Thomas M. Blewitt**
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: April 13, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANUEL CAMPISI, | : | CIVIL ACTION NO. **1:CV-11-1681** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT, SCI-Dallas, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 13, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                <u>**s/ Thomas M. Blewitt**</u>
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: April 13, 2012**