IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL CAMPISI,<br>      Petitioner<br><br>v.<br><br>SUPERINTENDENT, SCI-DALLAS, *et al.*,<br>      Respondents | :<br>:<br>:<br>:   CIVIL NO. 1:11-CV-1681<br>:<br>:<br>: |

*O R D E R*

The background of this order is as follows:

On April 13, 2012, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") (Doc. 15) addressing the timeliness of Petitioner Emanuel Campisi's Petition for Writ of Habeas Corpus (Doc. 1). Judge Blewitt concluded that the petition was not filed within the applicable statute of limitations, and that equitable tolling did not apply. He therefore recommended that the petition be dismissed as untimely. Petitioner filed objections (Doc. 16) to the R&R on April 16, 2012. This matter is now ripe for our review.

Petitioner's first objection to the R&R is that it fails to accept all of Petitioner's factual allegations as true, and to draw all reasonable inferences therefrom in Petitioner's favor, in accordance with the standard that governs Rule

12(b)(6) motions to dismiss.¹  Specifically, Petitioner argues that Judge Blewitt improperly dismissed his allegations of mental incompetence.  We do not agree that Judge Blewitt dismissed any allegations.  He simply applied the standards of timely filing and equitable tolling and concluded that the pending petition is untimely.

At its essence, this objection arises from Petitioner's belief that normal standards of timeliness and equitable tolling should not apply to a mentally incompetent individual.  Variations on this contention appear throughout Petitioner's objections to the R&R.  For instance, Petitioner argues that a mentally incompetent person should not be "required to prove reasonable diligence or other aspects of equitable tolling" (see Doc. 16 at 6; see also id. at 9).  He also contends that, as a result of his allegations of incompetency, he "is not subject to any deadlines" (id. at 7).  Petitioner fails to cite any legal authority directly supporting these arguments.  The court's independent research reveals that Third Circuit case law does not support them.

For instance, in Nara v. Frank, 264 F.3d 310, 319 (3d Cir. 2001), a case involving a mentally disabled petitioner, the Third Circuit recognized the petitioner's

---

¹ Petitioner cites Walker v. True, 399 F.3d 315, 319 n.1 (4th Cir. 2005), to support the proposition that this standard ought to guide our inquiry.  Walker is not binding authority in this court, and moreover, it is easily distinguishable from this case.  The District Court in Walker was ruling on a motion to dismiss filed by the state.  In the instant case, Judge Blewitt raised the issue of timeliness *sua sponte*, as Third Circuit case law permits him to do.  See United States v. Bendolph, 409 F.3d 155, 161-62 (3d Cir. 2005) (quoting Long v. Wilson, 393 F.3d 390, 404) ("[A] federal magistrate judge may . . . raise *sua sponte* the AEDPA statute of limitations defense . . . .").  Thus, Walker does not establish that the standards governing motions to dismiss ought to guide our analysis.  But even if we assume that this is correct, we would nevertheless overrule Petitioner's first objection, because we do not agree that Judge Blewitt improperly dismissed any factual allegations.

obligation to exercise reasonable diligence.  It also noted that "mental incompetence is not a per se reason to toll a statute of limitations. . . . Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." Id. at 320 (internal citations omitted).  Hence, Petitioner's allegations of mental incompetence do not excuse him from showing diligence, nor do they entitle him to equitable tolling, unless he can make the requisite showings.

       We reject Petitioner's contention that Judge Blewitt erroneously assumed that Petitioner was competent.  We likewise reject his arguments that the R&R should have applied a different standard.  We agree with the R&R's approach, under which Petitioner was required to show due diligence and other evidence establishing the appropriateness of equitable tolling.  We also agree with its conclusion that Petitioner failed to do so.  These objections are therefore overruled.

       Petitioner's second objection to the R&R is that it fails to "apply the presumption in favor of equitable tolling" set forth in Holland v. Florida, 130 S. Ct. 2549 (2010), and "does not require the State to overcome" this presumption (Doc. 16 at 4-5).  This argument misunderstands the holding of Holland.  In Holland, the Supreme Court joined all the courts of appeals in holding that the AEDPA's provision on timeliness is subject to equitable tolling in appropriate cases.  In reaching this conclusion, the Supreme Court noted that the AEDPA's statute of limitations is not jurisdictional, and that there is a "rebuttable presumption" that courts may normally apply equitable tolling to a nonjurisdictional federal statute of limitations.  130 S. Ct. at 2560.  Significantly, however, this is not a presumption that equitable tolling is

appropriate in any particular case. To the contrary, the Holland court reaffirmed that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Thus, there was no burden on the state to overcome a presumption that Petitioner was entitled to equitable tolling in this case. No such presumption exists. Rather, Petitioner bears the burden of establishing his entitlement to equitable tolling. This objection is therefore overruled.

Most of Petitioner's remaining objections to the R&R relate to Petitioner's alleged mental illness or incompetence. We have already addressed this issue above, and any further discussion would be redundant and unnecessary. Nor do any of Petitioner's other arguments warrant further discussion.

ACCORDINGLY, this 17th day of May, 2012, upon consideration of Magistrate Judge Blewitt's R&R (Doc. 15), and Petitioner's objections thereto (Doc. 16), it is ORDERED that:

1. The R&R (Doc. 15) is APPROVED. Petitioner's objections thereto (Doc. 16) are overruled.

2. Pursuant to Judge Blewitt's Recommendation, the petition for a writ of habeas corpus (Doc. 1) is DISMISSED as untimely.

3. The Clerk of Court shall close this file.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge